UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **HELEN W. CHANDLER** | **CIVIL ACTION NO. 3:14CV121** |
| **VERSUS** | **JUDGE JAMES** |
| **RUSTON LOUISIANA HOSPITAL CO. LLC** | **MAGISTRATE JUDGE HAYES** |

### MEMORANDUM ORDER

Before the undersigned, on reference from the District Court, is a Motion to Remand, [doc. # 11], filed by Plaintiff Helen W. Chandler. Defendants Schindler Elevator Corporation and Ruston Louisiana Hospital Co., LLC (dba Northern Louisiana Medical Center) oppose the Motion. For reasons stated below, the Motion is **DENIED**.[1]

### Background

Plaintiff filed the above-captioned suit on July 31, 2013, against Defendant Ruston Louisiana Hospital Company ("Ruston") in the Third Judicial District Court, Parish of Lincoln, State of Louisiana. [doc. # 1-2]. On November 15, 2013, Plaintiff filed an Amended Petition in the District Court naming Schindler Elevator Corporation ("Schindler") as an additional defendant. [doc. # 1-3]. Plaintiff claims that, as a result of an alleged escalator malfunction, she "suffered serious personal injuries including but not limited to injuries to her back, neck, and wrist . . . ." [doc. # 1-2, p. 3].

On January 27, 2014, Defendants removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. [doc. # 1]. On February 18, 2014, Plaintiff filed the

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this Court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

instant Motion to Remand, arguing that "removal in this case was improvident and premature as the [Defendants have] failed to show that it is 'unequivocally clear and certain' that the claim exceeds the federal jurisdictional minimum . . . ." [doc. # 11, p. 1].

Briefing is now complete; the matter is before the Court.

## Law and Analysis

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see* 28 U.S.C. § 1441(a). "The removing party bears the burden of showing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)). To determine whether jurisdiction is present, courts consider "the claims in the state court petition as they existed at the time of removal." *Manguno*, 276 F.3d at 723 (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

**I. The Court Has Subject Matter Jurisdiction Via Diversity**

Defendants invoked this Court's diversity jurisdiction, which contemplates complete diversity of citizenship and an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a). Both requirements are satisfied here. Initially, the Court notes that Plaintiff does not contest the parties' diversity of citizenship; rather, she disputes Defendants' contention that the amount in controversy exceeds the jurisdictional minimum. [doc. # 11-1]. More importantly, Plaintiff contends that "the amount in controversy has not been established to make it 'unequivocally clear

and certain' that the amount in controversy exceeds the jurisdictional threshold of $75,000." *Id.* Of equal importance, Plaintiff does not directly dispute Defendants' contention that they have established the requisite amount in controversy by a preponderance of the evidence. *Id.*

Pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011, the removal statute now specifies:

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
>
> **(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks–
>
> **(i)** nonmonetary relief; or
>
> **(ii)** a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded . . . .

28 U.S.C.A. § 1446(c)(2)(A). When, as permitted above, the amount in controversy is derived from the notice of removal, the removing defendant must demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Id.* § 1446(c)(2)(B); *De Aguilar*, 47 F.3d at 1408 (removing party bears the burden of establishing federal jurisdiction).[2]

"To satisfy the preponderance standard, the removing defendant may support federal jurisdiction either by establishing that it is 'facially apparent' that the claims probably exceed $75,000 or by establishing the facts in controversy in the removal petition or [summary

---

[2] When resolving a motion to remand, it is axiomatic that the court looks at jurisdictional facts as they existed at the time the case was removed. *Asociacion Nacional de Pescadores v. Dow Quimica*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998).

judgment-type evidence] to show that the amount-in-controversy is met." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003); *accord St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998). Removal cannot be supported by conclusory allegations, however. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 n.7 (5th Cir. 1999). In the same way, a defendant must do more than assert that a state law might allow a plaintiff to recover more than what is pled; the defendant must set forth evidence that establishes that the actual amount in controversy exceeds $75,000. *See De Aguilar*, 47 F.3d at 1412. If the defendant establishes by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount, remand is proper only if the plaintiffs then "demonstrate to a legal certainty that they can not recover more than the jurisdictional amount." *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 388 (5th Cir. 2009).

Here, consistent with Louisiana law prohibiting plaintiffs from pleading specific amounts of monetary damages,[3] Plaintiff's Petition does not set forth damages with any specificity. [doc. # 1-2]. The Petition states that Plaintiff is entitled to general and special damages and then "itemizes" those damages as follows: "(a) Pain, suffering and disability (past, present and future); (b) Mental anguish and distress (past, present and future); [and] (c) Medical expenses (past, present and future) . . . ." *Id.* at 3. Plaintiff "reserve[d] the right to add other such damages arising from the accident described in the Petition." *Id.* In their notice of removal, Defendants set forth the following facts obtained from Plaintiff's discovery responses:

> Plaintiff is claiming injuries to her left knee, left leg, back, and neck as a result of the escalator incident. Plaintiff claims that she has been informed by an orthopaedist that

---

[3] *See* LA. CODE CIV. PROC. art. 893.

> she would likely require surgery to her left knee as a result of the incident, and the bones behind her knee were now loose. Plaintiff claims to be suffering from severe knee pain, which was ongoing approximately one year after the incident, and she was not getting relief through her medication, which included a prescription for the narcotic pain medication, Lortab, taken four times a day. Plaintiff claims she is now restricted in her activities, and she is no longer able to walk without the use of a walker. Plaintiff complains of knee pain radiating up and down her thigh and lower leg, and radicular pain radiating down her back into her upper leg. Plaintiff continues to complain of chronic knee pain, lower back pain, and an intervertebral disc, approximately one year after the incident. Plaintiff's medical treatment included examination and treatment by three orthopaedic specialists, which is ongoing, and a specialist in pain management, which is also ongoing. Although Plaintiff was unable to provide the amount of her medical expenses, her medical treatment has included steroid injections, a bone scan, a lumbar MRI, and numerous medical examinations subsequent to the incident, including pain management and a prescription for a narcotic pain medication. Plaintiff provides a history of radiculitis and low back pain extending down her left leg subsequent to the escalator incident, resulting in a lumbar MRI on May 17, 2013. The MRI references Plaintiff suffering from a broad based disc protrusion at L4-5, amongst other findings.

[doc. # 1, p. 8].

General and special damages of the kind claimed by Plaintiff, when combined, typically exceed the jurisdictional threshold. [*See* doc. # 13-1 (and cases cited therein)].[4] The Court is comfortable in concluding that Defendants have established by a preponderance of the evidence that the claimed damages exceed the jurisdictional threshold. Thus, the Court enjoys subject matter jurisdiction.

## II. Early Removal

In arguing that Defendants removed this matter prematurely, Plaintiff again invokes the "unequivocally clear and certain" standard; this time, however, instead of arguing that

---

[4]As this Court noted in *Beaudeaux v. Home Depot U.S.A., Inc.*, 2012 WL 5197597, at *3 (W.D. La. Oct. 19, 2012), diagnostic tests, doctor visits, procedures, and hospital visits are "by no means inexpensive."

Defendants have not established the jurisdictional prerequisite, Plaintiff argues that removal was premature. Stated differently, Plaintiff argues that the 30-day window for filing a notice of removal had not yet opened before Defendants removed the case. [doc. # 11].

Under the removal statute, a defendant must file a notice of removal: (1) within 30 days after the defendant receives, through service or otherwise, a copy of the initial pleading setting forth the claim for relief, or the summons, whichever period is shorter; or (2) if the case "stated by the initial pleading is not removable," within thirty days after the defendant's receipt, "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1) & (3).[5]

To trigger Section 1446(b)'s first 30-day removal period, the initial pleading must include a "specific allegation that damages are in excess of the federal jurisdictional amount." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992); *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013). Here, Plaintiff's original Petition does not contain any such allegation; thus, the initial 30-day removal window was not triggered.

The Fifth Circuit endeavored to establish another "bright line" rule for purposes of Section 1446(b)'s second 30-day removal period. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). The court explained that

> the information supporting removal in a copy of an amended pleading, motion, order

---

[5] On December 7, 2011, Congress amended 28 U.S.C. § 1446(b) pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "JVCA"). See Pub. L 112–63. Other than dividing the 30-day removal periods into separately numbered paragraphs, the remaining changes wrought by the JVCA do not undermine the Fifth Circuit decisions regarding the 30-day removal periods.

>or other paper must be "unequivocally clear and certain" to start the time limit running for a notice of removal under the second paragraph of section 1446(b).[6] This clearer threshold promotes judicial economy. It should reduce "protective" removals by defendants faced with an equivocal record. It should also discourage removals before their factual basis can be proven by a preponderance of the evidence through a simple and short statement of the facts. In short, a bright-line rule should create a fairer environment for plaintiffs and defendants.

*Id.* (footnote omitted). Thus, the question becomes what must be included in an "amended pleading, motion, order, or other paper"[7] to make it "unequivocally clear and certain" that the amount in controversy exceeds the jurisdictional threshold?

Despite some confusion,[8] *Bosky* managed to provide the lower courts with some guidance. The court cited Fifth Circuit cases such as *S.W.S. Erectors, Inc. v. Infax, Inc.*, and *Wilson v. Belin*, that it deemed consistent with its "unequivocally clear and certain" standard. *Bosky, supra* (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 491-92 (5th Cir. 1996); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994)).[9] In both *S.W.S. Erectors* and *Wilson*, the removals were premised upon written evidence obtained from plaintiffs which acknowledged specific damage figures that exceeded the federal jurisdictional minimum. *Id.*

In addition, *Bosky* relied on the different meanings attributable to "setting forth" and "ascertained"—the two terms used to describe the information needed to trigger the first and

---

[6] Now Section 1446(b)(3).

[7] Under the JVCA, "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A).

[8] See *Mumfrey*, 719 F.3d at 400.

[9] *Bosky* also cited *Marcel v. Pool Co.*, 5 F.3d 81, 82-85 (5th Cir. 1993). *Marcel*, however, did not contemplate the 30-day removal clock. *See Mumfrey, supra*.

7

second 30-day removal windows—to infer that the requisite trigger for the second removal period is necessarily stiffer than *Chapman's* bright-line rule for the initial removal period. *Bosky, supra*.

While it is difficult to conceive of a more demanding requirement than that set forth in *Chapman*, i.e., a specific allegation that damages exceed the federal jurisdictional minimum, one must recall that *Bosky* was decided under the mistaken premise that *Chapman's* bright-line rule had been degraded by subsequent amount-in-dispute cases, which, as it turns out, are inapposite. *See Mumfrey, supra*. Thus, *Bosky* should be read as imposing a trigger for the second removal period that is at least as strict as that set forth in *Chapman*.[10]

Consistent with this interpretation, the "other paper[s]" that the *Bosky* defendants relied on to support removal were documents that revealed actual medical expenses in excess of $75,000. *Bosky v. Kroger*, Appellee Brief, 2001 WL 34127780. Even more telling is that more than thirty days before removal, the defendants obtained discovery from the plaintiff stating that the plaintiff would "not seek more than $500,000.00 for all of her damages and may seek less than this amount . . . " plus a written statement that the plaintiff's medical damages were around $50,000. *Id.* By finding removal timely, *Bosky* effectively held that the foregoing evidence was insufficient to commence the 30-day removal period. Rather, the 30-day removal clock was not triggered until defendant obtained written proof of actual damages that exceeded the

---

[10] As aptly demonstrated by the matter at hand, an unintended consequence of Bosky is that a defendant may be able to establish by a preponderance of the evidence that the amount in controversy exceeds the requisite jurisdictional minimum, even though the pleadings and "other papers" do not suffice to trigger the Section 1446(b) removal window(s). *See Mumfrey*, 719 F.3d at n.13; *Biggs v. Cajun Operating Co.*, 2011 WL 196096, at *3 (N.D. Tex. Jan. 19, 2011) (noting the incongruity between the standard to satisfy jurisdiction and the standard to trigger the time period for defendants to invoke that jurisdiction).

jurisdictional minimum.

Here, Plaintiff essentially argues that none of her discovery responses—or any "other paper" for that matter—make it "unequivocally clear and certain" that the amount in controversy exceeds the jurisdictional threshold; by extension, Plaintiff argues that the responses do not suffice to unlock the 30-day removal window.[11] [doc. # 11]. In other words, Plaintiff argues that Defendants prematurely removed the case.

Plaintiff's argument is correct in that the 30 day period had not been triggered at the time of removal. It is incorrect that the removal is premature. The 30-day time limit to remove under Section 1446(b)(3) is only triggered when the factual basis for removal can be proven by evidence that is unequivocally clear and certain. Consequently, if a defendant has to analyze and dissect medical treatment records to divine whether the nature and cause of a plaintiff's injuries satisfy the amount in controversy requirement, then those papers do not suffice to trigger the 30 day time period. Relatedly, if a defendant has to conduct independent research by consulting "quantum books," then the discovery responses are not sufficiently unequivocally clear and certain to trigger the 30-day removal period. *See Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 F. App'x 437, 440 (5th Cir. March 4, 2011) (unpubl.).

Here, there are no documents that clearly and unequivocally prove that the actual

---

[11] This argument is distinguishable from another argument commonly presented by plaintiffs seeking remand in similar situations. In those instances, the plaintiffs invoke the "unequivocally clear and certain" standard to argue that the defendants removed too late rather than too early. The plaintiffs argue that an amended pleading, motion, order, or other paper made it unequivocally clear and certain that the 30-day removal window was open and that defendants missed that window by filing a notice of removal too late. *See, e.g., Harden v. Field Mem'l Cmty. Hosp.*, 265 Fed. App'x. 405, 408 (5th Cir. 2008); *Credeur v. York Claim Serv.*, 2013 WL 4814231, at *5 (W.D. La. Sept. 9, 2013).

damages exceed the jurisdictional minimum; by extension, there are no documents that show that the 30-day removal window has been triggered.  *See generally, Harden*, 265 F. App'x at 408 (allegations of a fractured nose, fractured jaw, lacerations to face and gums, broken dentures, and contusions to plaintiff's face and body did not prove that the amount in controversy exceeded the jurisdictional minimum); *Ameri v. J.C. Penney Corp., Inc.,* 2012 WL 5866493, at *3 (W.D. La. Nov. 19, 2012) (records reflecting chronic shoulder pain, treatment with lidocaine and steroid injections, and the possibility of surgery did not unequivocally show that the amount in controversy exceeded $75,000); *Smith v. Wal-Mart Louisiana, LLC*, 2013 WL 4781778, at *1 (W.D. La. Sept. 5, 2013) (facts indicating that plaintiff underwent anterior cervical fusion and diskectomy surgery, accrued $42,000 in medical expenses, and was unable to work did not unequivocally show that the amount in controversy exceeded $75,000).  This is especially true considering the fact that Defendants conducted a quantum study before removing, [*see* doc. # 13-1], and the fact that Defendants had to dissect numerous medical records to deduce whether Plaintiff's alleged damages satisfy the requisite threshold.

   That said, remand is not the result.  The "unequivocally clear and certain" standard is applied when a court is determining whether a defendant has timely removed, not whether removal was permissive.  Stated differently, the Section 1446(b)(3) 30-day clock acts as a ceiling or limit on removal, not as a jurisdictional floor.  As one court put it, Section 1446 "does not say anything about removals that occur too soon." *Robinson v. Quality Ins. Co.*, 633 F. Supp. 572, 576 (S.D. Ala. 1986).  If, before the 30-day clock starts, a defendant can demonstrate by a preponderance of the evidence that the jurisdictional threshold is met, he or she may remove without being required to "unlock" the 30-day window by presenting "unequivocally clear and

certain" evidence.

Here, as discussed above, the Court finds that the documents presented do prove, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum. Thus, although the documents did not meet the unequivocally clear and certain standard which would have required the defendants to remove the case within thirty days, there was sufficient evidence to make removal proper and defendants were not prohibited from removing based on that same evidence.

## Conclusion

For the above-assigned reasons, Plaintiff's Motion to Remand, [doc. # 11], is **DENIED**.

In Chambers, Monroe, Louisiana, this 19th day of March, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE